ORDERED in the Southern District of Florida on *Oct 22, 2007*



_____
John K. Olson, Judge
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re: | |
| **JUAN C. RIVAS** and **MARIA E. RIVAS,** | Case No. 04-21258-JKO |
| Debtors. | Chapter 7 |
| **MARIA E. RIVAS,** | |
| Plaintiff, vs. | Adv. Proc. No.: 07-01524-JKO |
| **RJM ACQUISITION** assignee of **POPULAR CLUB INC.,** | |
| Defendant. | |

**ORDER DENYING PLAINTIFF'S MOTION FOR
<u>ENTRY OF FINAL DEFAULT JUDGMENT DISCHARGING DEBT [DE 8]</u>**

-1-

**THIS CAUSE** came before the Court on hearing, on October 9, 2007, upon Maria E. Rivas' (hereafter the "Plaintiff") Motion For Entry of Final Default Judgement [DE 8].

Plaintiff filed with Juan C. Rivas, the co-debtor, their voluntary chapter 7 petition on March 2, 2004 [DE 1] (Case No. 04-21258-JKO). The case was assigned to Judge Paul G. Hyman. The Debtors received a chapter 7 discharge on June 8, 2004 [DE 14], and the case was administratively closed on June 11, 2004. On May 14, 2007, the Debtors filed a motion [DE 18] to reopen the case in order to seek the discharge of prepetition debt which had been omitted from the Debtors' schedules and the case was reassigned to this Court. Pursuant to Local Rule 5010-1(B), the Court entered its standard Order Reopening Case to Add Omitted Creditor(s) [DE 22] on June 14, 2007.

This adversary proceedings was commenced by the Plaintiff on July 3, 2007, as a single count complaint seeking a determination that debt allegedly owed to RJM Acquisition, Assignee of Popular Club Plan, Inc., was dischargeable in the Debtor's original chapter 7 case. The Complaint [DE 1] states the nature of the debt but does not specify the amount of the debt. At a minimum, a complaint seeking a determination that a debt is dischargeable must specify the amount and nature of the debt which the plaintiff seeks to have discharged. *Berlin v. Int'l. Locate & Asset Servs (In re Berlin)*, 2006 Bankr. LEXIS 2395 (Bankr. S.D. Fla. July 11, 2006) [*citing Helfrich v. Thompson,* 262 B.R. 407 (6th Cir. BAP 2001)]. A summons addressed to the Defendant was issued on July 7, 2007 [DE 2].

Plaintiff's Counsel, Mario D. German, appears to have failed to follow the procedures required for proper service of the complaint and summons. First, Pursuant to Rule 7004, applying Rule 4(c) of the Federal Rules of Civil Procedure, the summons must be served with a

copy of the complaint. This clearly did not happen. According to the certificate of service, submitted with the complaint [DE 1], Mr. German sent the complaint, via mail, on July 2, 2007. The summons for this adversary case was not issued until July 3, 2007 [DE 2], and it is difficult to understand how it could have been served the previous day.

Second, the proof of service of the summons [DE 10] does not satisfy the requirements of Rule 7004, applying Rule 4(l) of the Federal Rules of Civil Procedure, which state in relevant part "If service is made by a person other than a United States marshal or deputy United States marshal, the person shall make affidavit thereof." The purported proof of service here is merely a photocopy of a certified mail receipt, without any indication as to what was sent by certified mail or attesting to such service.

Third, Mr. German's declaration under penalty of perjury states that he had served the complaint (but not the summons) by mail, addressed to:

> David E. Borack, Esq.
> Borack & Associates, P.A.
> 2300 Maitland Center Parkway, Suite 200
> Maitland, Florida 32751

Borack & Associates, P.A. was also the addressee on the certified mail receipt [DE 10]. Borack & Associates, P.A. is indeed located at that address and the firm apparently has a practice involving debt collection, so it is entirely conceivable that the firm in fact represented the Defendant at one time or another. The question before the Court is not whether the law firm

represented the Defendant, however, but rather whether service on the law firm was good service of process for purposes of establishing the Court's jurisdiction over the Defendant.[1]

Under Federal Rule of Bankruptcy Procedure 7004(b)(3), service on a corporation may be made:

> by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment of by law to receive service of process and, if the agent is one authorized by statute to receiver service and the statute so requires, by also mailing a copy to the defendant.

The records of the Florida Secretary of State Division of Corporations indicate that the RJM Acquisition's registered agent for service of process is Spiegel & Utrera, P.A. at 1840 SW 22nd Street, 4th Floor, Miami, FL 33145. *See* www.sunbiz.org.

There is nothing in the record to suggest that Borack & Associates, P.A. was authorized by statute or otherwise to act as an agent for service of process on the Defendant, or that mailing the summons and complaint to the Borack & Associates, P.A. (If that, in fact, occurred) constitutes service of process on the Defendant within the meaning of Rule 7004. The record does not show that the Defendant has retained Borack & Associates, P.A. in this case.

It is axiomatic that absent good service, the Court has no *in personam* or personal jurisdiction over a defendant. *Eastman Kodak Co. v. Studiengesellschaft Kohle mbH,* 392 F. Supp. 1152 (D. Del. 1975). Although federal trial courts normally face the issue of personal jurisdiction on a Rule 12(b) motion to dismiss, courts may raise the question *sua sponte* when deciding whether to enter a default judgment when the defendant has failed to appear, since a

---

[1] It is of course good practice to send copies of a summons and complaint to opposing counsel. The question here is whether doing so, but nothing else to effect service, constitutes good service when the defendant does not appear.

default judgment entered against a defendant who is not subject to personal jurisdiction is void. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy,* 242 F.3d 322 (5th Cir. 2001). Indeed, a federal trial court has an affirmative duty to examine its jurisdiction over the parties when entry of judgment is sought against a party who has failed to plead or otherwise defend. *In re Tuli, Tuli v. Republic of Iraq,* 172 F.3d 707 (9th Cir. 1999); *Williams v. Life Savings and Loan,* 802 F.2d 1200 (10th Cir. 1986). Without personal service of process in accordance with applicable law, a federal court is without jurisdiction to render a personal judgment against a defendant. *Royal Lace Paper Works, Inc. v. Pest-Guard Products, Inc.,* 240 F.2d 814 (5th Cir. 1957).

There was no effective service of process on the Defendant RJM Acquisition shown in the record before the Court. Accordingly, the Court cannot enter judgment in favor of the Plaintiff. The question then becomes whether this Court should dismiss the adversary proceeding or give the Plaintiff an opportunity to present facts establishing the Court's *in personam* jurisdiction. Although some case law holds that dismissal might be appropriate in these circumstances, *Williams v. Life Savings and Loan,* 802 F.2d 1200 (10th Cir. 1986), the more prudent course seems to be to give the Plaintiff an opportunity to present any facts not apparent in the record which would support the Court's exercise of personal jurisdiction over the Defendant. *In re Tuli, supra,* 172 F.3d at 712-713.

In addition to the service issues, Mr. German filed an affidavit of non-military service as to RJM Acquisition, a limited liability company [DE 11]. Although non-military affidavits are required for default judgments against individual persons, the notion that a Florida limited liability company could serve in the armed forces is patently ridiculous. Further, Paragraph 2 in the affidavit states that the affiant's statements are based on "belief and information." The

personal knowledge of facts asserted in an affidavit is not presumed from a mere positive averment of facts but rather the court should be shown how the affiant knew or could have known such facts, and if there is no evidence from which an inference of personal knowledge can be drawn, then it is presumed that such does not exist. Moreover, an affidavit on "belief and information" is insufficient to establish the facts alleged. *Tingley Sys. v. Bay State HMO Management*, 833 F. Supp. 882, 884(MD. Fla. 1993) [citing *Automatic Radio Mfg. Co., Inc. v. Hazeltine Research, Inc.*, 339 U.S. 827(1950); *Hahn v. Frederick*, 66 So. 2d 823, 825 (MD Fla. 1954)]. The Court expects competently-pleaded affidavits that comply with Federal Rule of Evidence 803 (6).

Based upon the foregoing, it is **ORDERED**:

1. The Debtor's request for entry of a final judgment is **DENIED**.

2. The Debtor's counsel, Mario D. German, is hereby **DIRECTED** to appear and to show cause at a hearing before the Court on **November 5, 2007, at 9:30 a.m.** in **Courtroom 308, United States Courthouse, 299 E. Broward Boulevard, Ft. Lauderdale, Florida 33301** why this adversary proceeding should not be dismissed for lack of *in personam* jurisdiction over the Defendant and why he should not be sanctioned for what appears to be incompetent practice.

###

Copies Furnished To:

Mario D. German, Esq
55 NE 5 Ave #501
Boca Raton, FL 33432

Mr. German is directed to serve this order on all interested parties.